UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID A. BERNHARDT, an
individual, COLLEEN BERNHARDT,
an individual,

    Plaintiff,

v.

SEA RAY BOATS, INC., an Arizona
corporation, MCMACHEN MARINE, INC.,
a Michigan corporation, CATERPILLAR, INC.,
a Delaware corporation,

    Defendants.
_____/

Case No: 00-71056

Hon. JULIAN ABELE COOK, JR.

MAGISTRATE JUDGE MORGAN

RODGER D. YOUNG (P22652)
J. DAVID GARCIA (P60194)
Young & Associates, P.C.
Attorneys for Plaintiff
26200 American Drive, Suite 305
Southfield, MI 48034
(248) 353-8620
_____/

FILED FEB 28 11 12 AM '00 U.S. DISTRICT COURT EAST. DIST. MICH. DETROIT

THERE IS NO OTHER CIVIL ACTION BETWEEN THESE PARTIES ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT PENDING IN THIS COURT, NOR HAS ANY SUCH ACTION BEEN ASSIGNED TO A JUDGE.

## COMPLAINT

Plaintiff David A. Bernhardt and Colleen Bernhardt, by and through their attorneys, Young & Associates, P.C. and for their Complaint states as follows:

### GENERAL ALLEGATIONS

1.    Plaintiffs David A. Bernhardt and Colleen Bernhardt, are residents of Macomb County, Michigan.

2. Defendant Sea Ray Boats, Inc. ("Sea Ray") is a corporation authorized to conduct business in the State of Michigan; was engaged at all relevant times in the manufacture, sale, distribution, and/or import of Sea Ray brand boats; and conducted a continuous and systematic portion of its business in Macomb County, Michigan.

3. Defendant McMachen Marine, Inc. ("McMachen") is a corporation authorized to conduct business in the State of Michigan; was an authorized dealer at all relevant times for Defendant manufacturer; and was engaged in the sale and service of Sea Ray brand boats, with its principal offices located in the City of Mt. Clemens, Macomb County, Michigan.

4. Defendant Caterpillar, Inc. ("Caterpillar") is a corporation authorized to conduct business in the State of Michigan and was engaged at all relevant times in the business of manufacturing and repairing Caterpillar brand engines used in Sea Ray brand boats and conducted a continuous and systematic portion of its business in Macomb County, Michigan.

5. On or about May, 1995, Plaintiffs purchased a 1995 Sea Ray 450DA boat, serial number (or "HIN" number) SERP2796F595, for the sum of $321,104.88 plus taxes and interest.

6. The boat was manufactured, distributed, and/or imported by Defendant Sea Ray.

7. The boat was purchased by Plaintiffs from McMachen, an authorized dealer of Sea Ray boats.

8. Plaintiffs seeks damages in excess of $500,000 and/or equitable relief.

## COUNT I

### BREACH OF CONTRACT

9. Plaintiffs reallege Paragraphs 1 through 8 as though each were fully set forth herein.

10. Defendants Sea Ray and McMachen entered into a contract with Plaintiffs to manufacture and deliver a operational and merchantable Sea Ray brand model 450DA boat for a price of $321,104.88, plus taxes and interests.

11. Plaintiffs and/or Plaintiff's finance company (Comerica Bank) have paid Defendants all amounts due pursuant to the contract.

12. Defendants delivered the Sea Ray boat on or about May, 1995.

13. Shortly after delivery, Plaintiffs discovered that the boat was unfit for its normal and intended use. Specifically, the boat did not perform as warranted and represented in that it has repeatedly malfunctioned and broken down due to defective parts and workmanship, including but not limited to defective engines and/or engine repair, as well as the other problems that are reflected in the repair orders in possession of Defendants.

14. Plaintiffs promptly brought these matters to Defendants' attention. Defendants promised and agreed to replace both engines and perform all other necessary repairs to restore the boat to full operation.

15. Defendants have failed to competently repair, replace and otherwise service the malfunctioning engines and related parts.

16. As a result, the boat is unfit for ordinary use.

3

17. Defendants' conduct as described in this Complaint constitutes breach of the contract between the parties.

18. Plaintiffs have been damaged by Defendants' breach in an amount in excess of $500,000, which consists of the price Plaintiffs paid for the boat, repair costs, cost and inconvenience of obtaining alternative transportation, interest and sales tax, and insurance costs.

WHEREFORE Plaintiffs request that this Court enter judgment in their favor and against Defendants in an amount to be determined by a jury, plus interest at the statutory rate from the date of filing and that the Court grant such other and different relief as the Court deems warranted.

## COUNT II

### BEACH OF EXPRESS AND IMPLIED WARRANTIES

19. Plaintiffs reallege Paragraphs 1 through 18 as though each were fully set forth herein.

20. Defendants are merchants with respect to the boat under MCLA 440.2104, MSA 19.2104.

21. The boat Plaintiffs purchased was subject to implied warranties of merchantability under MCLA 440.2314, MSA 19.2314.

22. Defendants, to induce the sale, also made certain express warranties and representations to Plaintiffs, both orally and in writing (including, but not limited to, service contracts) and through their advertising and conduct.

23. These express and implied warranties and representations included, but were not limited to, the following:

    a. The boat was fit for the ordinary purposes of safe, reliable transportation and recreation.

    b. The boat was of good, sound, and merchantable quality.

    c. The boat was free from defective parts and workmanship.

    d. The boat was engineered and designed to function without requiring unreasonable maintenance and repairs.

    e. Any defects or nonconformities would be cured within a reasonable time.

24. This boat did not perform as warranted and represented in that it has repeatedly malfunctioned and broken down due to defective parts and workmanship, including, but not limited to defective engines and/or engine repair, as well as the other problems that are reflected in the repair orders in possession of Defendants.

25. As a result of these defects, Plaintiffs cannot reasonably rely on the boat for the ordinary purpose of safe, comfortable, and efficient transportation and recreation.

26. Plaintiffs have given Defendants reasonable opportunities to cure the defects and make the boat fit for its intended purpose, but Defendants have been unable and/or refused to do so within a reasonable time and without cost to Plaintiffs.

27. As a direct and proximate result of Defendants' various breaches of warranty, Plaintiffs have suffered damages, including repair costs, the cost and inconvenience of obtaining alternative transportation, interest and sales tax, and insurance costs. In addition, Plaintiffs will suffer future damages, including repair costs, alternative transportation costs, inconvenience, and diminished resale value of the boat, together with costs and attorney fees in attempting to obtain relief from Defendants' wrongful conduct.

WHEREFORE Plaintiffs request judgment against Defendants, jointly and severally, as follows:

a. money damages in whatever amount Plaintiffs are found to be entitled, plus interest, costs, and reasonable attorney fees;

b. equitable relief, including but not limited to repair of the subject boat and extension of the express and implied warranties and service contracts that are or were applicable to the subject boat, in the event that Plaintiffs are not found to be entitled to revocation;

c. such other and further relief as this Court deems just.

## COUNT III

### REVOCATION OF ACCEPTANCE

28. Plaintiffs reallege Paragraphs 1 through 27 as though each were fully set forth herein.

29. Plaintiffs reasonably assumed and Defendants represented that all of the defects or nonconformities described above would be cured within a reasonable time.

30. Defendants have failed to cure these defects or nonconformities within a reasonable time.

31. These defects or nonconformities substantially impair the value of the boat to Plaintiffs.

32. Plaintiffs have notified Defendants of the defects or nonconformities and Plaintiffs' intent to revoke acceptance pursuant to MCLA 440.2608, MSA 19.2608 and demand return of the purchase price of the boat.

33. Defendants have nevertheless refused to accept return of the boat and have refused to refund Plaintiffs' purchase price.

34. Plaintiffs offer again to tender the boat to Defendants in exchange for the purchase price and any incidental and consequential damages permitted by law.

WHEREFORE Plaintiffs request that this Court order Defendants to accept return of the subject boat and refund Plaintiffs' purchase price, together with incidental and consequential damages, interest, costs, and reasonable attorney fees.

## COUNT IV

## **LIABILITY UNDER THE MAGNUSON-MOSS WARRANTY ACT**

35. Plaintiffs reallege Paragraphs 1 through 34 as though each were fully set forth herein.

36. This Court has jurisdiction to decide claims brought under 15 USC 2301 et seq. by virtue of 15 USC 2310(d)(1)(A).

37. Plaintiffs are *consumers* as that term is defined in 15 USC 2301(3).

38. Defendants are *suppliers* and *warrantors* as those terms are defined in 15 USC 2301(4), (5).

39. The boat is a *consumer product* as that term is defined in 15 USC 2301(1).

40. Defendants, as warrantors, are required by 15 USC 2304(a)(1) to remedy any defect, malfunction, or nonconformance of the boat within a reasonable time and *without charge* to Plaintiff, as that term is defined in 15 USC 2304(d).

41. Despite repeated demands and despite the fact that Plaintiffs have complied with all reasonable terms and conditions imposed on Plaintiffs by Defendants, Defendants have acknowledged that they are unable to remedy, within a reasonable time and without charge, the defects set forth in this complaint.

7

42.  As a result of Defendants' breaches of express and implied warranties as set forth in this complaint and Defendants' failure to remedy these breaches within a reasonable time and without charge to Plaintiffs, Plaintiffs have suffered the damages enumerated in this complaint.

WHEREFORE Plaintiffs request that this Court order Defendants to accept return of the boat and to enter a judgment canceling the finance contract and granting Plaintiffs money damages in whatever amount Plaintiffs are found to be entitled, plus statutory attorney fees, interest, and costs.

YOUNG & ASSOCIATES, P.C.

BY: _____
RODGER D. YOUNG (P22652)
J. DAVID GARCIA (P60194)
Attorneys for Plaintiffs
26200 American Drive, Suite 305
Southfield, MI 48034
(248) 353-8620

Date:  February 23, 2000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID A. BERNHARDT, an
individual, COLLEEN BERNHARDT,
an individual,


00-71056

    Plaintiff,

    Case No:

v.

    Hon.

SEA RAY BOATS, INC., an Arizona
corporation, MCMACHEN MARINE, INC.,
a Michigan corporation, CATERPILLAR, INC.,
a Delaware corporation,

JULIAN ABELE COOK, JR.

MAGISTRATE JUDGE MORGAN

    Defendants.
_____/

RODGER D. YOUNG (P22652)
J. DAVID GARCIA (P60194)
Young & Associates, P.C.
Attorneys for Plaintiff
26200 American Drive, Suite 305
Southfield, MI 48034
(248) 353-8620
_____/



## **JURY DEMAND**

Plaintiff David Bernhardt and Colleen Bernhardt, by and through their attorneys, Young & Associates, P.C., respectfully demands a trial by jury in the above-captioned matter.

                       YOUNG & ASSOCIATES, P.C.

                       BY: _____
                             RODGER D. YOUNG (P22652)
                             J. DAVID GARCIA (P60194)
                             Attorneys for Plaintiff
                             26200 American Drive, Suite 305
                             Southfield, MI 48034
                             (248) 353-8620

Date: February 23, 2000

YOUNG & ASSOCIATES, P.C., WESTVIEW OFFICE CENTER, 26200 AMERICAN DRIVE, SUITE 305, SOUTHFIELD, MICHIGAN 48034 (248) 353-8620